UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOANG NGUYEN,<br><br>               Plaintiff,<br><br>   v.<br><br>PAMELA BONDI, in her official capacity as United States Attorney General, et al.,<br><br>               Defendants. | CASE NO. 2:25-cv-02617-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

      This matter is before the Court on Plaintiff Hoang Nguyen's motion for a temporary restraining order. Dkt. No. 3. On December 18, 2025, Plaintiff filed a complaint for mandamus, injunctive, and declaratory relief. Dkt. No. 1. In his complaint, Plaintiff requests, among other things, that the Court "compel the administrative act of reopening and terminating his removal proceedings, thus completing the restoration of his LPR [lawful permanent resident] status . . . ." *Id.* at 1. Petitioner also moves for a temporary restraining order ("TRO") preventing: (1) his removal from the United States to Vietnam or to any other country; and (2) his detention during the pendency of these proceedings. *See* Dkt. No. 3 at 7.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 1

1    The Court herein provides an abbreviated factual background as pleaded in Plaintiff's

2 complaint. It is not a complete recitation of either the facts or the underlying administrative

3 history of this case.[1]

4    Plaintiff, a native and citizen of Vietnam, resides in Seattle, Washington. Dkt. No. 1 ¶ 5.

5 Plaintiff entered the United States as a refugee on September 25, 1992, and his status was

6 adjusted to lawful permanent resident ("LPR") on June 17, 1994. *Id.* On February 5, 1997,

7 Plaintiff was convicted of shoplifting, an offense considered a "crime involving moral turpitude"

8 under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Dkt. No. 1

9 ¶¶ 5, 11. On August 11, 1998, Plaintiff was convicted of first-degree theft, another crime

10 involving moral turpitude under the INA. *Id.* ¶ 12. Consequently, in October 2004, upon

11 Plaintiff's return to the United States "from travel abroad," he was charged as an arriving alien

12 seeking admission. *Id.* ¶ 15. During removal proceedings, Plaintiff admitted to the immigration

13 judge ("IJ") that he had been convicted of shoplifting in 1997 and first-degree theft in 1998. *Id.*

14 ¶ 16. For its part, the Department of Homeland Security ("DHS") introduced evidence of

15 Plaintiff's convictions. *Id.* Consequently, the IJ found Plaintiff removable as charged. *Id.* The IJ

16 designated Vietnam as Plaintiff's country of removal. *Id.* Plaintiff was ordered removed from the

17 United States on June 15, 2005. *Id.*

18    Plaintiff asserts that "the IJ's finding of removability was in error." *Id.* ¶ 17. As to the

19 shoplifting conviction, on March 31, 2022, the Tacoma Municipal Court granted Plaintiff's

---

[1] Plaintiff's complaint discloses several convictions that are not wholly relevant to the limited question of whether the latter disposition of Plaintiff's convictions for crimes of moral turpitude—i.e., a 1997 shoplifting conviction and 1998 first-degree theft conviction—render him removable as a matter of law. These other convictions include a 2003 conviction for attempted violation of the Uniform Controlled Substances Act (which has now been held to be unconstitutional pursuant to *State v. Blake*, 197 Wn.2d 170, 174, 481 P.3d 521 (2021)), as well as convictions dating back to the 1990s for: driving with a suspended/revoked license, taking a motor vehicle without permission, second-degree malicious mischief, hit-and-run of an attended vehicle. *See* Dkt. No. 1 ¶¶ 13–14. Plaintiff asserts that none of these convictions make Plaintiff inadmissible or removable. *Id.* ¶ 14.

motion to withdraw his guilty plea and, further, vacated Plaintiff's 1997 conviction for shoplifting. *Id.* ¶ 27. Based on the text of the statute of conviction, Plaintiff's conviction was amended to one for "disorderly conduct." *Id.* ¶ 30. As to the first-degree theft conviction, "theft convictions with sentences of less than one year in Washington State are not removable under [8 U.S.C. § 1227], nor are they crimes involving moral turpitude under [8 U.S.C. § 1182(a)(2)(A)(i)(I)] . . . ." *Id.* ¶ 18 (citing *Matter of Diaz-Lizarraga*, 26 I. & N. Dec. 847, 849 (BIA 2016)). Plaintiff asserts that, consequently, his removal order was void *ab initio*. *Id.* ¶ 33. On January 4, 2023, Plaintiff filed a motion to reopen and terminate ("MTRT") his proceedings with the Board of Immigration Appeals, on the basis that his post-conviction relief invalidated the removal proceedings. *Id.* ¶ 29 His motion remains pending. *Id.*

Since August 2018, Plaintiff has been reporting to ICE annually. *Id.* ¶ 26. In August 2025, these appointments were changed to a monthly basis. *Id.* At his check-in on September 22, 2025, "he was given forms in Vietnamese that appeared to be for the purpose of assisting ICE in obtaining travel documents for his removal to Vietnam." *Id.* ¶ 32.

In his mandamus action, Plaintiff alleges that Defendants have violated the Administrative Procedure Act ("APA") by arbitrarily and capriciously declining to provide a decision regarding the reopening and termination of Plaintiff's removal proceedings. Dkt. No. 1 ¶ 37. Plaintiff alleges further that he has been waiting some 1,078 days for a decision, and that such delay is unreasonable. *Id.* ¶¶ 42–43. Plaintiff also alleges that he has been denied due process and equal protection of the laws under the Fifth Amendment to the United States Constitution. *Id.* ¶ 46. "Defendants," Plaintiff asserts, "have acted arbitrarily, capriciously, and abused their discretion, or otherwise not observed procedures required by law, and not proceeded to conclude this matter within a reasonable time." *Id.* ¶ 48 (citing 5 U.S.C. §§ 555(a); 706(1); 706(2)(A), (D)). As a result, Plaintiff alleges that Defendants "ha[ve] caused great harm to

Plaintiff, as he cannot access the rights and privileges afforded to him by his permanent resident status, and he is vulnerable to unlawful removal by ICE because his removal order has not yet been vacated." *Id.* ¶ 37.

Because Petitioner "will suffer great harm if he is detained or removed," Petitioner seeks to enjoin his removal and detention on an emergency basis. *See* Dkt. No. 3 at 7. Petitioner's counsel has provided written certification that complies with Federal Rule of Civil Procedure 65(b)(1). *See* Dkt. No. 6 (Howard Aff.) ¶¶ 1–4.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion for temporary restraining order (Dkt. No. 3) is PROVISIONALLY GRANTED, pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Plaintiff from either the United States or this jurisdiction or detaining him during the pendency of these

proceedings, without further order of the Court.

3. Plaintiff's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on: (1) a briefing schedule for the motion for TRO; and (2) whether Respondents will agree to a stipulated order to not remove or detain Plaintiff during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court **within five days** of this Order, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO pursuant to the schedule set by Local Civil Rule 65, once notice is accomplished.

Dated this 19th day of December 2025.

Tana Lin
United States District Judge